UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Joseph W. Higgins,                          Civil No. 05-316 JRT/FLN

       Plaintiff,

       v.                                     **REPORT AND RECOMMENDATION**

Mike Leavitt, Secretary for the
U.S. Department of Health and
Human Services,

       Defendant.

---

Joseph W. Higgins (*pro se*), for Plaintiff.
Patricia Cangemi, for Defendant.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on June 17, 2005, on the Parties' following pretrial motions: Plaintiff's Motion for Preliminary Injunction and/or Restraining Order [#5]; Defendant's Motion to Dismiss and/or Summary Judgment [#9]; Plaintiff's Motion for Default Judgment [#12]; Plaintiff's Motion to Strike Defendant's Motion to Dismiss and/or for Summary Judgment [#17 in reference to #9]; and Plaintiff's Motion for Discovery [#22 and #30]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons which follow, this Court recommends that Defendant's Motion to Dismiss and/or Summary Judgment [#9] be Granted, and Plaintiff's Motions [#5, #12, #17, #22 and #30] should be Denied as moot.

## I. BACKGROUND

In 1993, a Colorado state court found Plaintiff Joseph Higgins to be the father of a minor child Aishah B. Ned, and ordered Plaintiff to pay $20.00 per month for child support. (Complaint, [#1]). Plaintiff claims that this finding was based on an invalid D.N.A. test result but did not appeal the Colorado state court's order. (Id.). In 2001, Plaintiff relocated and became a resident of

Minnesota. In September 2004, Colorado state court notified Plaintiff of a pending child support modification hearing. (Id.). Plaintiff was offered the opportunity to appear via telephone but did not do so. (Id.). The proceeding was not filed or held in Minnesota, and took place only in the Colorado state court. (Id.). As a result of the hearing, the court modified the child support order, increasing Plaintiff's monthly amount to $326.00. (Id.). The Colorado child support enforcement agency then sent the modified support order directly to Plaintiff's employer, St. Jude Medical in St. Paul, Minnesota, and requested that a portion of Plaintiff's wages be withheld as payment. (Id.). In accordance with that request, St. Jude began withholding $150 from Plaintiff's biweekly payroll checks and sending the money back to the Colorado child support enforcement agency. (Id.).

In response, Plaintiff has brought suit in this federal court alleging that "Defendant and his child support enforcement staff are using the 1996 revise Uniform interstate family support act and a invalid D.N.A. Test Result" to take away Plaintiffs rights, without due process and in violation of the First and Fourteenth Amendments to the United States Constitution. (Id.). Plaintiff argues that irreparable injury will continue to occur from the taking of $326.00 per month from Plaintiff's payroll check pursuant to the Colorado modification order, and requests a permanent injunction on future takings and the money already taken returned. (Id.). Plaintiff claims jurisdiction in this Court is based on 28 U.S.C. §§ 1331 and 2202. (Id.).

The 1996 Uniform Interstate Family Support Act ("UIFSA"), which Plaintiff references, was a product of the Personal Responsibility and Work Opportunity Reconciliation Act ("PRWORA"), which Congress passed in 1996. PRWORA conditioned the receipt of federal funding upon a state's enactment of the 1996 version of the UIFSA. (See 42 U.S.C. § 666.(f)). The receipt of such funds for a state's child support and welfare programs were conditioned on a state's enactment of legislation that enhances it's ability to ensure that a non-custodial parent's financial responsibility is determined and enforced. (See 45 C.R.F. Parts 302 and 303). By April 1, 1998, all states,

including Minnesota and Colorado, had enacted the 1996 version of UIFSA. Colorado's version of the UIFSA is codified at § 14-5-101 *et seq.* of Colorado's Revised Statutes. Minnesota's version is codified at Minn.Stat. § 518C.101 *et seq.* of Minnesota Statutes. State agencies in this area operate under a state plan approved by the Federal Office of Child Support Enforcement, a component of the U.S. Department of Health and Human Services, for which Defendant Mike Leavitt is currently the Secretary.

Defendant now brings this Motion to Dismiss for lack of subject matter jurisdiction, for failure to state a claim upon which relief may be granted, or, in the alternative, for summary judgment. Defendant contends, and this Court agrees, that this action is not properly before this Court as this Court has no jurisdiction to review a state court's judgment in a judicial proceeding.

## II. STANDARDS OF REVIEW

Dismissal for lack of subject matter jurisdiction should be granted only sparingly and with caution. See Huelsman v. Civic Center Corp., 873 F.2d 1171, 1174 (8th Cir. 1989). Dismissal under 12(b)(1) can either be tested facially or on factual averments outside of the pleadings. See Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993). In a facial challenge to jurisdiction, the facts concerning jurisdiction are presumed to be true and the motion succeeds if the plaintiff fails to allege an element necessary for subject matter jurisdiction. See id.

In a factual attack to subject-matter jurisdiction, the district court has authority to consider matters outside the pleadings, and doing so does not convert the motion to dismiss into a motion for summary judgment. See Deuser v. Vecera, 139 F.3d 1190, 1191 (8th Cir. 1998); Drevlow v. Lutheran Church Mo. Synod, 991 F.2d 468, 470 (8th Cir. 1993). Furthermore, the court has authority to weigh the evidence in deciding whether it has the power to hear the action. See Osborn v. United States, 918 F.2d 724, 729-30 (8th Cir. 1990). Because the issue is "the trial court's jurisdiction - its very power to hear the case - there is substantial authority that the trial court is free

to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977), cited in Titus, 4 F.3d at 593. Thus, in a factual challenge, no presumptive truthfulness attaches to the plaintiff's allegations and the existence of disputed material facts does not preclude a court from evaluating for itself the merits of any jurisdictional claims. See Osborne, 918 F.2d at 730; Carlson Holdings, Inc. v. NAFCO Ins. Co., 205 F. Supp. 2d 1069, 1073 (D. Minn. 2001). The plaintiff has the burden of proof that jurisdiction does in fact exist. See Osborne, 918 F.2d at 730.

### III.  LEGAL ANALYSIS

Defendant argues that this Court lacks subject matter jurisdiction to consider Plaintiff's claims. Plaintiff is in essence attempting to challenge the Colorado state court's Order and seeking such redress from a federal district court is not proper.

Federal district courts are courts of original jurisdiction and have no authority to review final judgments of a state court in judicial proceedings. Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923);  District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). Federal court review of a state court's final decision lies only with the United States Supreme Court. Id. In Rooker, a plaintiff brought an action in federal district court seeking review of a state court judgment, by claiming it violated the U.S. Constitution. Rooker, 263 U.S. at 414. The Supreme Court affirmed the lower court's dismissal for lack of subject-matter jurisdiction and held: "[N]o court of the United States other than this court could entertain a proceeding to reverse or modify the judgment [of a state court] for errors. . . To do so would be an exercise of appellate jurisdiction. The jurisdiction possessed by the District Courts is strictly original." Id. at 416. The since called "Rooker-Feldman Doctrine," prohibits appellate review of state court judgments by federal district courts.

Plaintiff in this case is improperly attempting to have the federal district court act as an

4

appeals court on the Colorado state court's decision to increase his monthly child support obligations, a state law issue. Plaintiff does not cite any grounds that confer jurisdiction for such a claim to this Court under either 28 U.S.C. § 1331 or 28 U.S.C. § 2202. Plaintiff's mere citation to the First and Fourteenth Amendments to the United States Constitution does not create a colorable constitutional claim. In addition, the UIFSA does not allow for the exercise of federal jurisdiction under 28 U.S.C. § 1331, as Plaintiff claims. The UIFSA is not a federal statute, but rather, a uniform state law that has been passed by all fifty states and is subject to interpretation by state courts. Robinson v. Pabon, 2002 WL 32136677 (D.Conn); Nunnery v. State of Florida, 102 F.Supp.2d 772, 776 (E.D.Mich 2000) (the UIFSA is "not [a] federal law but instead a model state law, versions of which have been enacted by various states..." There is no precedent for the exercise of federal jurisdiction where this statute is involved.). Furthermore, the Declaratory Judgment Act, 28 U.S.C. § 2202, which Plaintiff also cites as grounds for jurisdiction, in fact does not independently confer federal court jurisdiction. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671-72 (1950); Warner-Jenkinson Vo. v. Allied Chemical Corp., 567 F2d 184, 186 (2d Cir. 1997).

Plaintiff's complaint is based on his opposition to the Colorado state court's Order that his child support payments be increased. This Court finds that Plaintiff is essentially attempting to appeal the Colorado state court Order to the federal district court and has not identified any basis for the exercise of jurisdiction by this Court. As such, Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction and Defendant's Motion [#9] should be Granted.

## IV. CONCLUSION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that the Parties' Pretrial Motions should be Granted in part and Denied in part as follows:

1. Defendant's Motion to Dismiss and/or for Summary Judgment [#9] should be **GRANTED**;

2. Plaintiff's Motion for Preliminary Injunction and/or Restraining Order [#5] should be **DENIED as moot**;

3. Plaintiff's Motion for Default Judgment [#12] should be **DENIED as moot**;

4. Plaintiff's Motion to Strike Defendant's Motion to Dismiss and/or for Summary Judgment [#17 in reference to #9] should be **DENIED as moot**; and

5. Plaintiff's Motions for Discovery [#22 and #30] should be **DENIED as moot**.


Dated: July 20, 2005                    s/ *Franklin L. Noel*
                 FRANKLIN L. NOEL
                 United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **August 5, 2005**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **August 5, 2005** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.