# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

JOSEPH W. HIGGINS,

             Plaintiff,

v.

MIKE LEAVITT, Secretary for the United
States Department of Health and Human
Services,

             Defendant.

Civil No. 05-316 (JRT/FLN)

**ORDER ADOPTING REPORT AND
RECOMMENDATION OF
MAGISTRATE JUDGE**

---

Joseph W. Higgins, P.O. Box 1465, Minnetonka, MN, 55345, plaintiff
*pro se*.

Patricia R. Cangemi, Assistant United States Attorney, OFFICE OF THE
UNITED STATES ATTORNEY, 600 United States Courthouse, 300 South
Fourth Street, Minneapolis, MN, for defendant.

Plaintiff Joseph W. Higgins asserts that a Colorado state court incorrectly found
him to be the father of a child based on an invalid DNA test, and wrongfully ordered him
to make child support payments based on that finding.  Plaintiff seeks relief in this Court
from the Colorado court's determination of paternity and child support order.  Defendant
moved to dismiss.  Plaintiff brought motions for preliminary injunction, default
judgment, discovery, and a motion to strike.  Following a hearing, United States
Magistrate Judge Franklin L. Noel recommended granting defendant's motion to dismiss,
and denying plaintiff's motions as moot.  Plaintiff filed an objection to the Magistrate

Judge Report and Recommendation dated July 20, 2005.  The Court has conducted a *de novo* review of the defendant's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.1(c)(2), and for the reasons set forth below, overrules the plaintiff's objections and adopts the Report and Recommendation of the Magistrate Judge.

## BACKGROUND

In 1993, a Colorado state court found plaintiff to be the father of a minor child, and ordered plaintiff to pay $20.00 per month for child support.  Plaintiff now claims that this finding was based on an invalid DNA test result but did not appeal the Colorado state court's order at any time.   In 2001, plaintiff relocated and became a resident of Minnesota.  In September 2004, a Colorado state court notified plaintiff of a pending child support modification hearing.  Plaintiff was offered the opportunity to appear via telephone but did not do so.  The proceeding was not filed or held in Minnesota, and took place only in the Colorado state court.  As a result of the hearing, the court modified the child support order, increasing plaintiff's monthly obligation to $326.00.  The Colorado child support enforcement agency then sent the modified support order directly to plaintiff's employer, St. Jude Medical in St. Paul, Minnesota, and requested that a portion of plaintiff's wages be withheld as payment.  In accordance with that request, St. Jude began withholding $150 from plaintiff's biweekly payroll checks and sending the money back to the Colorado child support enforcement agency.

In response, plaintiff has brought suit in this federal court alleging that "Defendant and his child support enforcement staff are using the 1996 revise Uniform interstate

family support act and a invalid D.N.A. Test Result" to take away plaintiff's rights in violation of the First and Fourteenth Amendments to the United States Constitution. Plaintiff argues that irreparable injury will continue to occur from the taking of $326.00 per month from plaintiff's payroll check pursuant to the Colorado modification order, and requests an order enjoining any future withholdings, and directing the return of all money already withheld.  Plaintiff alleges jurisdiction in this Court based on 28 U.S.C. §§ 1331 and 2202.

The 1996 Uniform Interstate Family Support Act ("UIFSA"), which Plaintiff references, was a product of the Personal Responsibility and Work Opportunity Reconciliation Act ("PRWORA"), which Congress passed in 1996.   PRWORA conditioned the receipt of federal funding upon a state's enactment of the 1996 version of the UIFSA.  *See* 42 U.S.C. § 666(f).  The receipt of such funds for a state's child support and welfare programs were conditioned on a state's enactment of legislation that enhances its ability to ensure that a non-custodial parent's financial responsibility is determined and enforced.  *See* 45 C.F.R. Parts 302 and 303.  By April 1, 1998, all states, including Minnesota and Colorado, had enacted the 1996 version of UIFSA.  *See* Col. Rev. Stat. §§ 14-5-101 *et seq.*; Minn. Stat. §§ 518C.101 *et seq.*  State agencies in this area operate under a state plan approved by the Federal Office of Child Support Enforcement, a component of the U.S. Department of Health and Human Services, of which defendant Leavitt is currently the Secretary.

Defendant now brings this Motion to Dismiss for lack of subject matter jurisdiction, for failure to state a claim upon which relief may be granted, or, in the

alternative, for summary judgment.  Defendant contends, and this Court agrees, that this action is not properly before this Court because this Court has no jurisdiction to review a state court's judgment in a judicial proceeding.

## ANALYSIS

Plaintiff objects to the Report and Recommendation, arguing that the Court should relieve plaintiff of his present child support obligations, as determined by the Colorado state court and child support enforcement agency, and refund his child support payments. For the following reasons, the Court holds that it lacks subject matter jurisdiction to hear plaintiff's claim.

Federal district courts are empowered to exercise original, not appellate, jurisdiction.  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923);  *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); 28 U.S.C. §§ 1257, 1331.  Appellate jurisdiction to reverse or modify a state court judgment is lodged  exclusively in the United States Supreme Court.  *Id.*  This principle has come to be known as the *Rooker-Feldman* doctrine, and is based on those cases' interpretations of § 25 of the Judiciary Act of 1789, now codified at 28 U.S.C. § 1257, and 28 U.S.C. § 1331.  *Id.*; *see also Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002).

In *Rooker*, the plaintiffs brought suit in federal district court to have a judgment of a state court declared "null and void."  *Rooker*, 263 U.S. at 414.  The plaintiffs had litigated and lost in state court, and argued in federal district court that the state court judgment was rendered "in contravention" of the Constitution.  *Id.* at 414-15.  The

Supreme Court in *Rooker* held that federal district court jurisdiction was "strictly original," and that Congress had empowered only the United States Supreme Court to exercise appellate authority "to reverse or modify" a state court judgment. *Id.* at 415, 416.  Accordingly, the Supreme Court affirmed a decree dismissing the suit for lack of jurisdiction. *Id.* at 415.

In *Feldman*, the plaintiffs petitioned the District of Columbia Court of Appeals to waive a court Rule that required D.C. bar applicants to have graduated from a law school approved by the American Bar Association.  After the D.C. court denied their waiver requests, the plaintiffs filed suits in the United States District Court for the District of Columbia.  *Id.* at 465-473.  Citing *Rooker*, the Supreme Court in *Feldman* noted that the federal district court lacked authority to review a final judicial determination of the D.C. high court.  "Review of such determinations can be obtained only in this Court."  *Id.* at 476.

The Supreme Court recently revisited the *Rooker-Feldman* doctrine in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 125 S. Ct. 1517, 1521-22 (2005), and confirmed that the *Rooker-Feldman* doctrine applies to cases of the "kind from which it acquired its name:  cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."

Plaintiff's case falls squarely within the "kind" of cases governed by the *Rooker-Feldman* doctrine.  Here, to the extent plaintiff disputed his paternity and obligation to pay child support, he was the "losing" party in the Colorado court proceeding.  He filed

suit in this Court after the state proceedings ended, complaining that he was injured by the Colorado court's judgment.   Plaintiff, as in *Rooker*, alleges federal question jurisdiction on the basis that the Colorado court's paternity determination and child support order was unconstitutional.   Finally, like the plaintiffs in *Rooker* and *Feldman*, plaintiff seeks appellate review and rejection of the Colorado court judgment. Accordingly, this Court lacks subject matter jurisdiction over plaintiff's case.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** the plaintiff's objections [Docket Nos. 36, 37, and 42] and **ADOPTS** the Report and Recommendation [Docket No. 35].   Accordingly, **IT IS HEREBY ORDERED** that:

1.     Defendant's Motion to Dismiss and/or for Summary Judgment [Docket No. 9] is **GRANTED**.

2.     Plaintiff's Motion for Preliminary Injunction and/or Restraining Order [Docket No. 5] is **DENIED as moot**.

3.     Plaintiff's Motion for Default Judgment [Docket No. 12] is **DENIED as moot**.

4.     Plaintiff's Motion to Strike Defendant's Motion to Dismiss and/or for Summary Judgment [Docket No. # 17] is **DENIED as moot**.

5.     Plaintiff's Motions for Discovery [Docket Nos. 22 and 30] are **DENIED as moot**.

6.     Plaintiff's Motion to Stipulate [Docket # 41] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that plaintiff's motion to stipulate that the District Court is not required by 28 USCS Section 636 to review transcripts of the hearing in order to resolve all objections made in the report and recommendation. [Docket No. 42] is **DENIED as moot**.

The Clerk of Court is respectfully directed to mail a copy of this Order to the plaintiff.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:     September 29, 2005                _____ s/ John R. Tunheim _____
at Minneapolis, Minnesota.                          JOHN R. TUNHEIM
                                                  United States District Judge