**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| JOSEPH W. HIGGINS, | Civil No. 05-316 (JRT/FLN) |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTIONS TO TRANSFER** |
| MIKE LEAVITT, Secretary for the United States Department of Health and Human Services, | |
| Defendant. | |

Joseph W. Higgins, P.O. Box 1465, Minnetonka, MN, 55345, plaintiff *pro se*.

Patricia R. Cangemi, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN, for defendant.

Plaintiff Joseph W. Higgins asserts that a Colorado state court incorrectly found him to be the father of a child based on an invalid DNA test, and wrongfully ordered him to make child support payments based on that finding. Plaintiff sought relief in this Court from the Colorado court's determination of paternity and child support order. By Order dated September 29, 2005, this Court dismissed plaintiff's lawsuit. Plaintiff now moves this Court to transfer his case to the United States Supreme Court. For the following reasons, the Court denies plaintiff's motions.

**BACKGROUND**

In 1993, a Colorado state court found plaintiff to be the father of a minor child, and ordered plaintiff to pay $20.00 per month for child support. Plaintiff now claims that this finding was based on an invalid DNA test result, but he did not appeal the Colorado state court's order at any time.

Plaintiff moved to Minnesota in 2001. In September 2004, a Colorado state court notified plaintiff of a pending child support modification hearing. Plaintiff was offered the opportunity to appear via telephone but did not do so. The proceeding was not filed or held in Minnesota, and took place only in the Colorado state court. As a result of the hearing, the court modified the child support order, increasing plaintiff's monthly obligation to $326.00. The Colorado child support enforcement agency then sent the modified support order directly to plaintiff's Minnesota employer, and requested that a portion of plaintiff's wages be withheld as payment. In accordance with the modified support order, plaintiff's Minnesota employer began withholding funds from plaintiff's payroll checks and sending the money back to the Colorado child support enforcement agency.

Plaintiff then brought this lawsuit in federal court, seeking appellate review of the Colorado state court judgment. The Court dismissed plaintiff's case, holding that it had no jurisdiction to review a state court's judgment in a judicial proceeding under the *Rooker-Feldman* doctrine:

> Plaintiff's case falls squarely within the "kind" of cases governed by the *Rooker-Feldman* doctrine. Here, to the extent plaintiff disputed his paternity and obligation to pay child support, he was the "losing" party in

> the Colorado court proceeding. He filed suit in this Court after the state proceedings ended, complaining that he was injured by the Colorado court's judgment. Plaintiff, as in *Rooker*, alleges federal question jurisdiction on the basis that the Colorado court's paternity determination and child support order was unconstitutional. Finally, like the plaintiffs in *Rooker* and *Feldman*, plaintiff seeks appellate review and rejection of the Colorado court judgment. Accordingly, this Court lacks subject matter jurisdiction over plaintiff's case.

September 29, 2005 Order, at 5-6.

## ANALYSIS

Plaintiff moves this Court to transfer his case to the United States Supreme Court under 28 U.S.C. § 1631 to cure the lack of jurisdiction. The Court denies the motions.

The procedures for seeking review by the United States Supreme Court are set forth in the Rules of the Supreme Court of the United States. Section 1631 does not obviate the need to comply with those Rules, and there is no indication that plaintiff has complied or has attempted to comply with the Rules. Moreover, review by the United States Supreme Court is not a matter of right, but of judicial discretion. Rule 10 of the Rules of the Supreme Court of the United States.

In addition, even if 28 U.S.C. § 1631 grants this Court the ability to transfer plaintiff's action to the United States Supreme Court, the Court would decline to transfer this action because there is nothing to indicate that such a transfer would be in the "interest of justice." *See Williams v. New York City Taxi & Limousine Comm'n*, 1997 WL 139520, at *3 (S.D.N.Y. Mar. 27, 1997) (denying motion to transfer to United States Supreme Court under 28 U.S.C. § 1631 because transfer was not in interest of justice). Plaintiff has consistently declined to participate in the Colorado state judicial process.

- 4 -

Plaintiff never appealed, nor attempted to appeal, the Colorado state court order in the Colorado courts, and he declined to participate in the hearing regarding the child support modification order, even though he was given the opportunity to participate telephonically. Further, plaintiff offered no reason or explanation for his failure to participate in the Colorado process.

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that plaintiff's Motions to Transfer [Docket Nos. 45 and 46] are **DENIED**.

**IT IS FURTHER HEREBY ORDERED** that the Clerk of Court forward a copy of this order to the Clerk of Court of the United States Court of Appeals for the Eighth Circuit.

DATED:   December 28, 2005          _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                    JOHN R. TUNHEIM
                                              United States District Judge